UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SELANDIA,

            Plaintiff,      CIV. S-03-1551 LKK PAN PS

    v.

                                   FINDINGS AND RECOMMENDATIONS

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA AT DAVIS, DOES 1-20,

            Defendants.

—oOo—

Plaintiff alleges defendants violated California Government Code § 12948, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. She alleges she suffers from neuralgia paresthetica, degenerative disk disease, degenerative thoracic and lumbar spine osteoarthritis and plantar fascitis and in consequence her

ability to sit, stoop, bend, stand, or walk without pain is impaired.  In April 2000, when she applied to study at the University of California at Davis, she requested she be allowed to sit in a desk directly in front of her teachers to avoid twisting, she be allowed to leave class when pain impaired her concentration, that she be provided a straight backed padded chair, that she be allowed extra time to take exams, and that she be allowed to move to the front of any line that otherwise would require she stand for more than ten minutes.  In September 2000 the university denied all the accommodations but the requested chair, and in April 2003 she sued.

Defendant moves for summary judgment.  Plaintiff's application to file further responding brief is granted; the arguments presented therein have been duly considered.

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  Id.  The moving party must submit evidence that

establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id., at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id., at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation., 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id., at 587.

     Section 12948 of the California Government Code prohibits discrimination only by employers.  Defendant is entitled to summary judgment on plaintiff's claim it violated section 12948.

1   Title II of the Americans with Disabilities Act, 42
2 U.S.C. § 12132, prohibits public entities from discriminating
3 against any "qualified individual with a disability" by excluding
4 such persons from the entity's services, programs or activities.
5 The term "qualified individual with a disability" means an
6 individual with a disability who, with or without reasonable
7 modifications to rules, policies, or practices, the removal of
8 architectural, communication, or transportation barriers, or the
9 provision of auxiliary aids and services, meets the essential
10 eligibility requirements for the receipt of services or the
11 participation in programs or activities provided by a public
12 entity.  42 U.S.C. § 12131(2).  29 U.S.C. § 794 prohibits any
13 program or activity receiving federal financial assistance from
14 excluding or denying benefits to any otherwise qualified
15 individual with a disability as defined by 29 U.S.C. § 705(20).
16 Section 705(20)(B) defines an individual with a disability as any
17 person who has a physical or mental impairment which
18 substantially limits one or more of such person's major life
19 activities, has a record of such impairment, or is regarded as
20 having such impairment.

21   Defendant concedes plaintiff is impaired and that sitting
22 standing, walking and lifting are major life activities.  But
23 defendant contends there is no evidence that any of plaintiff's
24 impairments substantially limit any of those activities.

25   To be substantially limited in performing manual tasks,
26 an individual must have an impairment that prevents or severely

4

restricts the individual from doing activities that are of central importance to most people's daily lives and the impact of the impairment must be permanent or long term. <u>Toyota Motor Mfg., Kentucky, Inc. V. Williams,</u> 534 U.S. 184 (2002). The word "substantial" thus clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities. <u>Id</u>.

Plaintiff bears the burden of adducing evidence that her impairments fall within this definition. <u>Thompson v. Holy Family Hospital</u>, 121 F.3d 537 (9th Cir. 1997).

Plaintiff filed opposition papers July 23. They include a 1997 radiological diagnosis of severe cervical and mild lumbar spine disc disease; an October 2000 diagnosis by a D.P.M. of plantar fascitis of the right foot described as producing significant pain and requiring she "decrease the time spent on her right heel"; an October 2000 diagnosis by a physician of neuralgia paresthetica, degenerative disk disease, and degenerative thoracic and lumbar spine osteoarthritis causing persistent pain making her unable to sit and stand for long periods and that might necessitate absences and early departure from classes and requiring a straight-backed padded chair (Ex. 41); a letter from a chiropractor explaining that plaintiff suffers from chronic pain due to injuries to her neck and spine, that because of pain she may have to excuse herself from class, that she cannot remain seated more than 20-25 minutes, that she requires a special chair placed in the front of the classroom,

5

1 close to the entrance in order to allow her to stand and change
2 position without disturbing the class, that she may require extra
3 time for tests and that as a result of nerve pain in her legs
4 following surgery in 1995 her ability to walk and stand is
5 impaired and accordingly she should not have to stand in line,
6 should not climb stairs and may be late to class (Ex. 41); a
7 letter from the same chiropractor in September 2000 stating that
8 plaintiff can stand only 5-10 minutes, sit no longer than 25
9 minutes, lift no more than 10 pounds, must avoid repetitive
10 bending, reaching, pushing and pulling, can walk at slow to
11 moderate pace for up to 15 minutes (Ex. 41); and a letter from a
12 physician agreeing with Dr. Bliss' assessment of plaintiff's
13 functional limitations.  Ex. 40-41.
14      Defendant confronts none of this evidence except by
15 arguing that it is "inadmissible hearsay, has not been
16 authenticated, is compound and plaintiff lacks sufficient
17 personal knowledge."  Defendant's Objection to Plaintiff's
18 Evidence.
19      Fed. R. Civ. P. 56(e) provides that "supporting and
20 opposing affidavits shall be made on personal knowledge, shall
21 set forth such facts as would be admissible in evidence, and
22 shall show affirmatively that the affiant is competent to testify
23 to the matters stated therein."  Nevertheless, the Supreme Court
24 has held that the opponent need not produce evidence in a form
25 that would be admissible at trial in order to avoid summary
26 judgment.  <u>Celotex</u> at 324.  Rather, the questions are (1) whether

the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. Id., at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

Plaintiff has met her burden of production under Celotex and without benefit of argument by defendant why plaintiff's impairments do not substantially limit her major life activities, defendant has not demonstrated entitlement to summary judgment under Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act, and its motion should be denied.

These findings and recommendation are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the

////
////
////
////
////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2005.

<u>  /s/ Peter A. Nowinski  </u>
PETER A. NOWINSKI
Magistrate Judge