UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SELANDIA,

    Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, UNIVERSITY OF
CALIFORNIA AT DAVIS, DOES 1-20,

    Defendants.

CIV. S-03-1551 LKK PAN PS

AMENDED
FINDINGS AND RECOMMENDATIONS

—o○o—

On August 12, 2005, the Honorable Lawrence K. Karlton declined to adopt this court's April 18, 2005, findings and recommendations. Judge Karlton remanded the matter with instructions to assess whether material factual disputes are presented by plaintiffs' evidence in support of her allegations of discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Accordingly, this court considers de novo defendants' motion for summary judgment. Plaintiff proceeds in pro se; defendants are represented by Mark Posard. Upon review of

1  defendants' motion and all papers in support and opposition, and good cause appearing therefor,
2  THE COURT FINDS AS FOLLOWS:

3  It is undisputed that plaintiff is impaired by neuralgia parasthetica, degenerative disk
4  disease, degenerative thoracic and lumbar spine osteoarthritis, and plantar fascitis of her right
5  foot.  Plaintiff alleges these impairments substantially limit her ability to sit, stand, walk, stoop,
6  bend and concentrate.  Plaintiff requested the following accommodations upon her acceptance by
7  the University of California at Davis ("UCD") in April 2000:  provision in each class of a
8  straight-backed padded chair with level seat positioned directly in front of her professors to avoid
9  twisting; permission to stand up or move about as necessary, including to leave class when pain
10 impaired her concentration; extra time to complete exams; and permission to move to the front of
11 lines that would require plaintiff to stand longer than ten minutes.

12 In a series of decisions September 2000 through February 2001, UCD denied all
13 accommodations but the requested chair.  On May 1, 2001, plaintiff withdrew from UCD, citing
14 health reasons.  Plaintiff filed a complaint with the California Department of Fair Housing and
15 Employment on July 27, 2001, received a right-to-sue notice on April 10, 2002, and filed the
16 instant complaint in the Yolo County Superior Court on April 10, 2003.  Defendants removed the
17 action to this court on July 23, 2003.

18 Defendants seek summary judgment based on their assertion plaintiff's evidence fails
19 as a matter of law to establish that her impairments substantially limit her major life activities of
20 sitting, standing, walking and lifting.

21 STANDARDS FOR A MOTION FOR SUMMARY JUDGMENT

22 Summary judgment is appropriate when it is demonstrated that there exists "no
23 genuine issue as to any material fact and that the moving party is entitled to a judgment as a
24 matter of law."  Fed. R. Civ. P. 56(c).

25 Under summary judgment practice, the moving party
26 always bears the initial responsibility of informing the

Case 2:03-cv-01551-LKK-EFB   Document 95   Filed 02/24/06   Page 3 of 9

|   |   |
|---|---|
| 1 | district court of the basis for its motion, and identifying |
| 2 | those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the |
| 3 | affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. |

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

3

1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

## ANALYSIS

"The ADA prohibits discrimination by public entities against qualified individuals with a disability. 42 U.S.C. §§ 12131-12132. The Rehabilitation Act similarly provides that 'no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance.' 29 U.S.C. § 794(a). The

University [of California] is a public entity subject to these provisions." <u>Wong v. Regents of the University of California ("Wong II")</u>, 410 F. 3d 1052, 1062 (9th Cir. 2005).  Title II of the ADA and section 504 of the Rehabilitation Act create the same rights and obligations.  <u>Id</u>., 410 F. 3d at 1055, n. 1.

A "disability" is defined as a "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  To state a claim under 42 U.S.C. § 12102(2)(A), a plaintiff must demonstrate that she  (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity.  <u>Bragdon v. Abbott</u>, 524 U.S. 624, 631 (1998).  "The ADA does not define 'substantially limits,' but 'substantially' suggests 'considerable' or 'specified to a large degree.'  <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471, 491 (1999).  "[T]o be substantially limited . . . an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.  The impairment's impact must also be permanent or long term."  <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184, 198 (2002) (citation omitted).

To avoid summary judgment plaintiff must present evidence of a genuine issue of material fact that one or more of her major life activities are substantially limited as compared to the average person in the general population.  <u>Wong II</u>, 410 F. 3d at 1063 (citations omitted); <u>Thompson v. Holy Family Hospital</u>, 121 F.3d 537, 539 (9th Cir. 1997).

Plaintiff submitted to defendants the reports of three of her treating physicians, Dr. Robert F. Bliss (plaintiff's chiropractor), Dr. Katherine Julian (plaintiff's internist), and Dr. Alexander Ryzelman (plaintiff's podiatrist).  Dr. Bliss opined in letters dated June 28 and September 6, 2000, that plaintiff is functionally limited to standing 5 to 10 minutes, walking 10 to 15 minutes at a slow to moderate pace, and sitting 20 to 25 minutes, "longer if she can change positions, either by briefly standing or walking about."  Dr. Bliss also opined that plaintiff is

precluded from lifting more than 10 pounds, and should avoid squatting, walking up and down stairs, and repetitive motions. Selandia Depo., at pp. 61, 64, 80-81, and Exhs. 11 and 14; Zochowski Decl., at ¶¶ 22, 23, and 33, and Exhs. A and C.

In letters written October 2 and November 27, 2000, Dr. Julian agreed with Dr. Bliss' assessments, adding that plaintiff "is able to sit for longer than 20-25 minutes provided she can change positions," and that she should "avoid reaching, pushing, and pulling." Exh. 23 to Selandia Depo., Selandia Depo., at pp. 142-146, and Exhs. 23 and 34; Zochowski Decl., Exh. F.

In a letter dated November 3, 2000, Dr. Ryzelman opined that plaintiff's planter fascitis "produces significant pain and discomfort upon ambulation," and plaintiff "needs to decrease the time spent on her right heel." Selandia Depo., Exh. 32, Zochowski Decl., Exh. G.

Plaintiff's allegations are consistent with the reports of her treating physicians. In her complaint, plaintiff states she cannot sit more than 25 minutes "without the ability to stand for a short break," cannot stand more than 10 minutes, can walk slowly for only 10 to 15 minutes, cannot lift more than 10 pounds or maneuver stairs. Complaint, p. 3, ¶ 6.

Plaintiff testified at deposition under penalty of perjury that she commuted two hours by car when she attended UC Davis, but took stops as needed; she testified that her Volvo was uniquely comfortable and she could sometimes drive as long as 45 minutes. Selandia Depo., at pp. 72-73, 78, 81-82. UCD Student Disability Center specialist Russ Zochowski telephoned Dr. Bliss September 2000 to "raise[] the inconsistency of plaintiff's documented sitting limitations versus her ability to drive two hours from home to school and another two hours back." According to Mr. Zochowski, Dr. Bliss opined that "while in her car, plaintiff can shift her weight, squirm and change positions slightly, so as to minimize her pain." Zochowski Decl., at ¶¶ 34-37.

Plaintiff has met her burden of adducing evidence that her impairments substantially limit one or more of her major life activities. Defendants mischaracterize the evidence regarding plaintiff's sitting limitations–they state that plaintiffs' physicians required only that plaintiff shift

positions in order to remain seated more than 25 minutes, and that plaintiff could drive two consecutive hours "without incident because 'she was able to shift.'"  While there are some inconsistencies in the evidence, the weight of the medical evidence supports plaintiff's allegations and is to be viewed most favorably to plaintiff on summary judgment.  See, Suzuki Motor Corp. v. Consumers Union of U.S., Inc., 330 F.3d 1110, 1132 -1133 (9th Cir. 2003), quoting Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) ("'On summary judgment, we must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence'").  The court recognizes that credibility is a critical factor in this case.  However, "courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved." S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 699 (9th Cir. 1978) (citations omitted).

      Moreover, viewing the evidence most favorably to plaintiff, the weight of the case law supports a finding her sitting limitations are substantial.  "[C]ourts have generally found that the inability to sit for periods of an hour or less may constitute a substantial limitation on the ability to sit, while the ability to sit for periods longer than an hour does not." E.E.O.C. v. Yellow Freight System, Inc., 2002 WL 31011859, at *13 (S.D.N.Y. 2002) (plaintiff unable to sit longer than forty-five minutes was "substantially limited" in the major life activity of sitting), and cases cited extensively therein.

      Defendants have also failed to demonstrate as a matter of law that plaintiff's abilities to stand and walk are not substantially limited.  See, e.g., Meling v. St. Francis College, 3 F.Supp.2d 267, 273-74 (E.D.N.Y.1998) (plaintiff who could stand no more than ten to fifteen minutes was "substantially limited"); but see, Kelly v. Drexel University, 94 F.3d 102, 106 (3rd Cir. 1996) (degenerative joint disease of right hip causing pain, occasional limp, moderate difficulty walking and maneuvering stairs was not substantial limitation), and Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1025 (5th Cir. 1999) (plaintiff not substantially limited in the

7

major life activity of walking despite leg deformity consisting of shorter right leg and permanently flexed right foot causing limp and need to walk slowly).  Plaintiff's lifting limitations have not been clearly established by the evidence (e.g., Dr. Bliss opined both that plaintiff is limited to lifting 10 pounds and is precluded from lifting 20-30 pounds), and defendants do not address plaintiffs' alleged limitations in stooping, bending and concentrating.

Accordingly, the court HEREBY FINDS that plaintiff has met her burden of demonstrating the existence of a material factual dispute whether her impairments substantially limit one or more of her major life activities within the meaning of 42 U.S.C. § 12102(2)(A),[1] and therefore whether defendants were obliged under the ADA and Rehabilitation Act to accommodate plaintiff's limitation(s).

The court FURTHER FINDS that defendants are entitled to summary judgment on plaintiff's claim UCD violated section 12948 of the California Government Code, as that provision prohibits discrimination only by employers.  See, e.g., Reno v. Baird, 18 Cal. 4th 640, 644 (1998) (the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code, § 12900 et seq., "prohibits various forms of discrimination in employment").

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' August 2, 2004, motion for summary judgment be denied on plaintiff's claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ;

2. Defendants' August 2, 2004, motion for summary judgment be granted on plaintiff's claim under California Government Code § 12948 .

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written

---

[1] Since plaintiff has met her burden under 42 U.S.C. § 12102(2)(A), the court need not determine whether she has also met her burden of demonstrating "a record of impairment" under 42 U.S.C. § 12102(2)(B).  Plaintiff does not assert she meets the criteria of 42 U.S.C. § 12102(2)(C).

objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006:sela1551.f&r